Filed 10/19/20  P. v. Perry CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>NANUEL PERRY, SR.,<br><br>　　Defendant and Appellant. | 2d Crim. No. B302927<br>(Super. Ct. No. 2018019411)<br>(Ventura County) |

　　　　Nanuel Perry, Sr. appeals his 28-month felony-jail sentence (Pen. Code, § 1170, subd. (h)(5))[1], imposed after he entered into a negotiated plea to commercial burglary (§ 459) and admitted two prior prison term enhancements (§ 667.5, subd. (b)). Appellant contends, and the Attorney General agrees, that the prior prison term enhancements have been invalidated by Senate Bill No. 136 (S.B. 136; Stats. 2019, ch. 590, § 1) and must be stricken.  (*People v. Matthews* (2020) 47 Cal.App.5th 857, 866 (*Matthews*).)  We strike the prior prison term enhancements and remand for resentencing.

---

[1] All further statutory references are to the Penal Code.

*Procedural History*

Appellant was the "wheelman" in the nighttime burglary of a meat market that resulted in a high speed police chase. Inside the vehicle were bolt cutters, a money counter, a license plate, a hairnet, a screwdriver, and $2,400 cash.

Appellant was charged with two counts of commercial burglary (counts 1-2; § 459) and misdemeanor possession of burglary tools (count 3; § 466) with two prior prison term enhancements (§ 667.5, subd. (b)). On August 21, 2019, appellant entered into a written plea agreement and pled guilty to count 1 for commercial burglary and admitted the prior prison term enhancements. The trial court sentenced appellant to the low term of 16 months on count 2 (§ 459), plus 12 months on a prior prison term enhancement (§ 667.5, subd. (b)). Counts 1 and 3 were dismissed. (§ 1385.)

After appellant was sentenced, S.B. 136 was enacted to limit section 667.5, subdivision (b) to prior prison terms resulting from convictions for sexually violent offenses. (Legis. Counsel's Dig., Sen. Bill No. 136 (2019–2020 Reg. Sess.) ch. 590, § 1.) The Attorney General agrees the section 667.5, subdivision (b) enhancements must be stricken because appellant's judgment is not final. (See *Matthews*, *supra*, 47 Cal.App.5th at p. 862; *People v. Petri* (2020) 45 Cal.App.5th 82, 94 [S.B. 136 applies retroactively to defendants whose judgments are not yet final as of January 1, 2020]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681–682 [same].)

*Remand for Resentencing*

The Attorney General argues that the proper remedy is to remand to permit the district attorney to either accept a reduction of the sentence (i.e., a 16-month or 24-month felony-jail sentence) or to withdraw from the plea agreement. We disagree. Unlike *Matthews*, the plea agreement did not provide for a stipulated sentence although the trial court, in approving the plea agreement, did indicate it would impose a 28-month felony-jail sentence. It was an open plea agreement. It was not a negotiated agreement with a stipulated sentence or upper lid. "'A defendant who enters an open plea and is advised of his maximum exposure has received no promise with respect to his sentence — he is simply being provided with the information necessary to enter a voluntary and intelligent plea.'" (*People v. Cuevas* (2008) 44 Cal.4th 374, 381.)

Requiring "the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement . . . ." (*Doe v. Harris* (2013) 57 Cal.4th 64, 73; compare *People v. Stamps* (2020) 9 Cal.5th 685, 704 [trial court may not alter terms of a plea bargain by changing the length of a stipulated sentence without the parties' consent].) In *Matthews*, *supra*, 47 Cal.App.5th 857, the plea agreement "specified the precise sentences to be imposed for each charge and enhancement" and "the trial court lack[ed] the power to alter those sentences except to eliminate enhancements affected by Senate Bill No. 136 (2019–2020 Reg. Sess.)." (*Id.* at p. 866.) Here, the plea agreement provides that appellant can be sentenced to county jail and/or home detention for a maximum of five years. It is not a stipulated sentence.

3

*Disposition*

The 12-month prior prison term enhancement is stricken and the matter is remanded for resentencing on count 2 for commercial burglary. The trial court is directed to exercise it's sentencing discretion in light of the changed circumstances. (Cf. *People v. Buycks* (2018) 5 Cal.5th 857, 893 [discussing "full resentencing rule"]; *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258-1259 [trial court may reconsider all of its discretionary sentencing choices, so long as it does not impose a term greater than original].) In all other respects, the judgment of conviction is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

4

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Todd W. Howeth, Public Defender and Thomas Hartnett, Snr. Deputy Public Defender, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Michael R. Johnsen, Supervising Deputy Attorneys General, for Plaintiff and Respondent.